## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**VICTOR RICARDO GRANT**,

    Petitioner,

v.                                                 Case No. 8:24-cv-02029-WFJ-CPT

**UNITED STATES OF AMERICA**,

    Respondent.

_____/

## ORDER

Before the Court is Victor Ricardo Grant's ("Petitioner") Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Civ. Dkt. 1.[1] The United States of America (the "Government") has responded in opposition. Civ. Dkt. 4. Upon careful review, the Court denies Petitioner's Motion.

## BACKGROUND

On September 28, 2021, a federal grand jury returned a Superseding Indictment charging Defendant Victor Grant with one count of possession of ammunition by a felon in violation of 18 U.S.C. §§ 922(g) and 924(e). Cr. Dkt. 56.

---

[1] In this civil case, citations to the civil docket will be denoted as "Civ. Dkt. [document number]." Citations to Petitioner's prior criminal case, 8:20-cr-50-WFJ-CPT, will be denoted as "Cr. Dkt. [document number]."

The Superseding Indictment listed various prior felony convictions for Grant, including three or more previous convictions for a violent felony or a serious drug offense. *Id.* These prior convictions included three convictions for Sale of Cocaine on or about December 10, 2021, and a conviction for Aggravated Assault on or about September 29, 2005. *Id.* As such, Grant was charged under the Armed Career Criminal Act ("ACCA") and was subject to a mandatory minimum sentence of 15 years' imprisonment and a maximum sentence of life. *See* 18 U.S.C. § 924(e).

On December 15, 2021, a jury returned a guilty verdict on the sole count for possession of ammunition by a felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). Cr. Dkt. 111. Before Grant's sentencing hearing, the United States Probation Office produced a Presentence Investigation Report ("PSR"). Cr. Dkts. 120 & 126. Pursuant to USSG, § 4B1.1, the PSR applied the offense level for an armed career criminal. Cr. Dkt. 120 ¶¶ 23, 25, and 77. The basis for the ACCA enhancement was the following prior convictions:

1) Sale of Cocaine, Circuit Court, Pinellas County, Florida, Docket No.2001CF8484, a serious drug offense, committed on May 3, 2001,

2) Sale of Cocaine, Circuit Court, Pinellas County, Florida, Docket No. 2001CF8258, a serious drug offense, committed on February 13, 2001,

3) Sale of Cocaine, Circuit Court, Pinellas County, Florida, Docket No. 2001CF8258, a serious drug offense, committed on February 26, 2001, and

>4) Aggravated Assault, Circuit Court, Pinellas County, Florida, Docket No. 2004CF22067, a violent felony offense, committed on June 30, 2004.

Cr. Dkt. 126 ¶ 22. The PSR's guideline imprisonment range following the enhancement was 210 to 262 months. *Id.* ¶ 77.

During Grant's sentencing hearing, the Court adopted the Amended PSR without change, found that the mandatory minimum term of imprisonment applied, and sentenced Grant to a term of imprisonment of 262 months, followed by five years of supervised release. Cr. Dkts. 129, 132, and 133.

Grant filed a timely appeal of his conviction, judgment, sentence, and all adverse rulings. *See* Cr. Dkt. 134. The Eleventh Circuit affirmed Grant's sentence and issued a mandate of the judgment on September 19, 2023. *United States v. Grant*, No. 22-10910, 2023 WL 5230970 (11th Circuit 2023); Cr. Dkts. 169 & 170. The Supreme Court denied Grant's petition for a *writ of certiorari* on June 3, 2024. *Grant v. United States*, No. 23-6361, 2024 WL 2805782 (2024).

Grant filed the instant motion to vacate or correct his sentence on August 26, 2024. Civ. Dkt. 1. In his motion, Grant argues two grounds for relief based on the Supreme Court's ruling in *Erlinger v. United States*, 602 U.S. 821 (2024). In Ground One, Grant asserts the Court's imposition of a sentence under 18 U.S.C. § 924(e) violated his Sixth Amendment right to a jury determination of facts that increase the range of penalties to which a criminal defendant is exposed. *Id.* at 5. In Ground Two,

Grant contends the Court violated Petition's due process rights by making factual findings that Grant had three qualifying convictions that occurred on different occasions from one another under a preponderance of evidence standard. *Id.* at 6.

## STANDARD OF REVIEW

On collateral review, the petitioner "has the burden of proof and persuasion on all the elements of his claim." *In re Moore*, 830 F.3d 1268, 1272 (11th Cir. 2016). This is "a significantly higher hurdle than would exist on direct appeal," *United States v. Frady*, 456 U.S. 152, 164–66 (1982); for, "[w]hen the process of direct review . . . comes to an end, a presumption of finality and legality attaches to the conviction and sentence" at issue. *Moore*, 830 F.3d at 1272 (citations omitted). "[I]f the Court cannot tell one way or the other" whether the petitioner's claim is valid, the petitioner has "failed to carry his burden of showing all that is necessary to warrant § 2255 relief." *Id*. at 1273.

A Section 2255 motion is not a substitute for a direct appeal. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Consequently, as a general rule, any claims not raised on direct appeal are procedurally defaulted and may not be raised on collateral review unless the movant shows "(1) 'cause' excusing [the] procedural default, and (2) 'actual prejudice' resulting from the errors," *Frady*, 456 U.S. at 168, or demonstrates that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted).

If a factual dispute arises in a Section 2255 proceeding, the court must hold an evidentiary hearing to resolve the dispute. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014). "However, a district court need not hold a hearing if the allegations are patently frivolous, based upon unsupported generalizations, or affirmatively contradicted by the record." *Id.* (quotations and citations omitted).

## DISCUSSION

Having reviewed the record in Petitioner's underlying criminal case and the filings in this case, the Court finds it unnecessary to hold an evidentiary hearing because the disposition of Grant's claims does not require the resolution of any factual dispute.

### I.   Violation of Fifth and Sixth Amendment Rights

Grant argues the Court violated a "New Rule of Constitutional Law" because the Court—rather than a jury—determined that his predicate offenses were committed on different occasions. Civ Dkt. 1 at 5.  In *Erlinger*, the Supreme Court held that, under *Apprendi v. New Jersey*, 530 U.S.466 (2000), the question of whether predicate offenses occurred on separate occasions is a question of fact that must be determined by a unanimous jury beyond a reasonable doubt. 602 U.S. at 834–35. "Judges may not assume the jury's factfinding function for themselves, let alone purport to perform it using a mere preponderance-of-the-evidence standard." *Id.* at 834. Petitioner argues his case, following the *Erlinger* decision, means the

ACCA imposed sentence must be vacated or "be resentenced without the ACCA enhancement." Civ. Dkt. 1 at 13.

There is no dispute that *Erlinger*, which was decided after Petitioner's sentencing and direct appeal, holds that the different occasions inquiry must be decided by a jury. As such, the question is whether *Erlinger* requires Grant's sentence to be vacated or corrected without the ACCA enhancement. The Government argues it does not for two reasons: first, Grant's section 2255 motion is procedurally defaulted; and second, *Erlinger* announced a new rule of criminal procedure that does not apply retroactively on collateral review. Civ. Dkt. 4 at 6. The Court agrees *Erlinger* is not retroactive.

Generally, a newly recognized right applies retroactively on collateral review only in limited circumstances. *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004). And, "[n]ew procedural rules do not apply retroactively on federal collateral review." *Edwards v. Vannoy*, 593 U.S. 255, 272 (2021). "[A] court other than the Supreme Court may determine retroactivity under § 2255(f)(3)." *Steiner v. United States*, 940 F.3d 1282, 1289 (11th Cir. 2019) (quoting *Figuereo-Sanchez v. United States*, 678 F.3d 1203, 1207 (11th Cir. 2012)).

To determine if *Erlinger* applies retroactively, the Court applies the test set forth in *Teague v. Lane*, 489 U.S. 288, 301 (1989). First, the Court must determine whether *Erlinger* announced a new rule. Second, the Court must "determine whether

6

that new rule satisfies an exception to the general prohibition against the retroactive application of new rules on collateral review." *Figuereo-Sanchez*, 678 F. 3d at 1208.

The Supreme Court has identified two exceptions to this general prohibition on retroactive application of new rules on collateral review. The two exceptions are for (1) new substantive rules and (2) "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Schiro*, 542 U.S. at 351-52. Substantive rules are "rules forbidding criminal punishment of certain primary conduct" and "rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Montgomery v. Louisiana*, 577 U.S. 190, 198 (2016). The "watershed" exception is extraordinarily rare, and the Supreme Court has not recognized a single post-*Teague* rule as a "watershed" exception. *Edwards v. Vannoy*, 593 U.S. 255, 264 (2021).

Here, "the *Teague* inquiry easily leads to the conclusion that *Erlinger* announced a new rule of criminal procedure that is not retroactive." *Tyquez Ursery, v. United States of America*, No. 3:22-CV-00776, 2024 WL 4652209, at *4 (M.D. Tenn. Nov. 1, 2024). While *Erlinger* announced a new rule because (at the time of Grant's conviction) district courts routinely decided whether a defendant's three qualifying ACCA convictions were committed on different occasions, the new rule does not fall under either of *Teague*'s exceptions. *Erlinger*'s new requirement that only a jury can consider the ACCA's occasions inquiry is not a "substantive rule"

7

because it only alters "the manner of determining the defendant's culpability." *Vannoy*, 593 U.S. at 276 (quotations omitted). Such a procedural rule does "not apply retroactively on federal collateral review." *Id.*; *see Schriro*, 542 U.S. at 353 (finding that decisions requiring that a factual determination be made by a jury "are prototypical procedural rules"); *Erlinger,* 602 U.S. 821, 859 n.3 (2024) (Kavanaugh, J., dissenting) ("For any case that is already final, the *Teague* rule will presumably bar the defendant from raising [*Erlinger*'s] new rule in collateral proceedings.").

Next, there is no indication that *Erlinger* is a watershed rule of criminal procedure. Only one "watershed" exception has ever been identified by the Supreme Court: the landmark decision in *Gideon v. Wainwright*, 372 U.S. 335, 344–345 (1963). *Vannoy*, 593 U.S. at 267. Unlike *Gideon*, *Erlinger* is not a landmark decision that has altered "our understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Id.* (quoting *Whorton v. Bockting*, 549 U.S. 406, 417-18 (2007)). Indeed, the Supreme Court has explicitly told future litigants that,

> If landmark and historic criminal procedure decisions—including *Mapp, Miranda, Duncan, Crawford, Batson*, and now *Ramos*—do not apply retroactively on federal collateral review, how can any additional new rules of criminal procedure apply retroactively on federal collateral review? At this point, some 32 years after *Teague*, we think the only candid answer is that none can—that is, *no new rules of criminal procedure can satisfy the watershed exception*. We cannot responsibly continue to suggest otherwise to litigants and courts.

8

*Id.* at 271 (emphasis added). Therefore, because the procedural rule announced in *Erlinger* is not retroactive on collateral review, Petitioner is not entitled to relief under Section 2255.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Civ. Dkt. 1, is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida, on November 8, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record